UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11678 -RWZ

DIAHANN L. GROSS

v.

SUN LIFE ASSURANCE COMPANY OF CANADA

ORDER
March 4, 2010

ZOBEL, D.J.

Plaintiff, Diahann L. Gross, brought an action against Sun Life Assurance Company of Canada ("Sun Life") in the Jefferson County, Kentucky, Circuit Court for the wrongful denial of long term disability insurance benefits.  Sun Life removed the action to the U.S. District Court for the Western District of Kentucky invoking both diversity and federal question jurisdiction, and moved to dismiss on the ground that the state law claims asserted are preempted by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Plaintiff moved to remand to the state court.  In a thoughtful, well-reasoned opinion Judge Charles R. Simpson held that the disability policy in suit was part of an employee welfare plan sponsored by the employer and that the "safe harbor" regulation, 29 C.F.R. § 2510.3-1(j), does not exempt it from ERISA.  He therefore held that the removal was proper and denied plaintiff's motion to remand.  He held in abeyance defendant's motion to dismiss pending plaintiff's opposition to the preemption argument.  Plaintiff responded with a

voluntary dismissal of the action and refiled a substantially identical complaint, including claims under Kentucky statutes, in the Norfolk Superior Court.  Sun Life again removed, although this time only on the basis of federal question jurisdiction, and again moved to dismiss (Docket # 3).  Plaintiff again seeks remand to the state court (Docket # 7).

The issue is identical to that presented to the federal court in Kentucky and the parties' additional submissions, including plaintiff's affidavit and Supplemental Memorandum of Law, and defendant's submissions detailing the history of its packet of benefit plans, their administration and their relevant provisions do not lead me to a result different from that reached by the court in Kentucky.

The disability policy in this case was part of an array of employee benefits including life, accidental death as well as short and long term disability insurance. Defendant was the insurer.  While plaintiff paid the full premium of the long term disability insurance, her employer paid all the others and, through its third party administrator, provided all administrative services, from paying all premiums which appeared on a single bill to providing summaries and highlights of the coverage and managing all benefits offered.   Moreover, all of the insurance was billed to her employer on a single form, under a single group number.

Because the long term disability insurance was part of a comprehensive employee benefit plan, it is subject to ERISA and this court has jurisdiction. Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 67 (1987).   Accordingly, plaintiff's motion to remand is denied.

Because ERISA preempts the state law, 29 U.S.C. § 1144, the complaint which claims only under state law, is subject to dismissal.  Accordingly, defendant's motion to dismiss (Docket # 3) is ALLOWED WITHOUT PREJUDICE to plaintiff amending her complaint to state a claim under ERISA if she so chooses.  Plaintiff shall file any amended complaint on or before March 12, 2010.  In default thereof judgment shall be entered dismissing the complaint.  Her motion to stay (Docket # 9) is DENIED AS MOOT, and her motion to file a reply brief (Docket # 11) is ALLOWED.

|  |  |
|---|---|
| March 4, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |