UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11678-RWZ

DIAHANN L. GROSS

v.

SUN LIFE ASSURANCE COMPANY OF CANADA

MEMORANDUM OF DECISION
September 9, 2010

ZOBEL, D.J.

Plaintiff Diahann L. Gross complains about the wrongful denial of long term disability benefits by defendant Sun Life Assurance Company of Canada. This is the third reprise of plaintiff's unwillingness to accept the rulings of the United States District Court for the Western District of Kentucky and this court. For background and an explanation of prior proceedings, I rely on this court's order dated March 4, 2010 allowing defendant's motion to dismiss, which follows.

I.  **Court's Order of March 4, 2010 Allowing Defendant's Motion to Dismiss (Docket # 3) and Denying Plaintiff's Motion to Remand (Docket # 7)**

Plaintiff, Diahann L. Gross, brought an action against Sun Life Assurance Company of Canada ("Sun Life") in the Jefferson County, Kentucky, Circuit Court for the wrongful denial of long term disability insurance benefits. Sun Life removed the action to the U.S. District Court for the Western District of Kentucky invoking both diversity and federal question jurisdiction, and moved to dismiss on the ground that the state law claims asserted are preempted by the Employee Retirement Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Plaintiff moved to remand to the state court.  In a thoughtful, well-reasoned opinion Judge Charles R. Simpson held that the disability policy in suit was part of an employee welfare plan sponsored by the employer and that the "safe harbor" regulation, 29 C.F.R. § 2510.3-1(j), does not exempt it from ERISA.  He therefore held that the removal was proper and denied plaintiff's motion to remand.  He held in abeyance defendant's motion to dismiss pending plaintiff's opposition to the preemption argument.  Plaintiff responded with a voluntary dismissal of the action and refiled a substantially identical complaint, including claims under Kentucky statutes, in the Norfolk Superior Court.  Sun Life again removed, although this time only on the basis of federal question jurisdiction, and again moved to dismiss (Docket # 3).  Plaintiff again seeks remand to the state court (Docket # 7).

The issue is identical to that presented to the federal court in Kentucky and the parties' additional submissions, including plaintiff's affidavit and Supplemental Memorandum of Law, and defendant's submissions detailing the history of its packet of benefit plans, their administration and their relevant provisions do not lead me to a result different from that reached by the court in Kentucky.

The disability policy in this case was part of an array of employee benefits including life, accidental death as well as short and long term disability insurance. Defendant was the insurer.  While plaintiff paid the full premium of the long term disability insurance, her employer paid all the others and, through its third party administrator, provided all administrative services, from paying all premiums which

appeared on a single bill to providing summaries and highlights of the coverage and managing all benefits offered. Moreover, all of the insurance was billed to her employer on a single form, under a single group number.

Because the long term disability insurance was part of a comprehensive employee benefit plan, it is subject to ERISA and this court has jurisdiction. Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 67 (1987). Accordingly, plaintiff's motion to remand is denied.

Because ERISA preempts the state law, 29 U.S.C. § 1144, the complaint which claims only under state law, is subject to dismissal. Accordingly, defendant's motion to dismiss (Docket # 3) is ALLOWED WITHOUT PREJUDICE to plaintiff amending her complaint to state a claim under ERISA if she so chooses. Plaintiff shall file any amended complaint on or before March 12, 2010. In default thereof judgment shall be entered dismissing the complaint. Her motion to stay (Docket # 9) is DENIED AS MOOT, and her motion to file a reply brief (Docket # 11) is ALLOWED.

## II.     Pending Motion to Dismiss (Docket # 18)

Plaintiff did timely file the First Amended Complaint, but her "short and plain statement of the claim" has grown nearly threefold over the dismissed original, and two-thirds of the claims continue to invoke state law, in some counts Kentucky statutes and in others state common law without specificity as to origin. The amended complaint does also seek relief under ERISA. Plaintiff justifies the third iteration of the state claims on the ground that such is necessary to preserve the issue for appeal.

Defendant moves to dismiss on the grounds previously articulated and for failure

to comply with Fed. R. Civ. P. 8.

For the last time, those portions of the complaint, old and new, that form the basis of plaintiff's state law claims, Counts 1, 2, 3, 4, and 5, are dismissed without possibility of resurrection. The motion to dismiss is denied as to Counts 6 and 7, which clearly invoke ERISA.


    September 9, 2010                                /s/Rya W. Zobel
          DATE                                       RYA W. ZOBEL
                                                  UNITED STATES DISTRICT JUDGE