UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11678-RWZ

DIAHANN L. GROSS

v.

SUN LIFE ASSURANCE COMPANY OF CANADA

ORDER

February 1, 2011

ZOBEL, D.J.

Plaintiff Diahann Gross sues defendant Sun Life Assurance Company of Canada for the wrongful denial of long-term disability benefits. Two ERISA claims in her operative amended complaint are all that withstood defendant's earlier motion to dismiss. (Mem. of Decision, Docket # 23.) Plaintiff now moves to supplement the record (Docket # 27) and to allow discovery (Docket # 28).

I. **Motion Detailing Additional Material That Should Be Included Within the Record**

Plaintiff asserts that the record is missing 847 pages that she submitted with her internal appeal from the initial denial of benefits. Defendant does not object to the documents' inclusion. Plaintiff also says the current record is some 1,500 pages longer than the record used for her internal appeal and she is concerned those additional pages include belatedly produced documents. She asks the court to order defendant to identify which documents in the current record were not previously provided to her

and, to the extent the 1,500 pages contain copies of previously provided material, identify who requested the copies.

Her request is denied. She is fully capable of reviewing the record but points to no specific examples of improperly produced documents. There is no evidence that her fears are anything more than speculation. She is also not entitled to irrelevant information concerning why defendant may have made copies of certain documents.

## II. Motion for Discovery

"ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator," but "modest, specifically targeted discovery" may be permitted if the plaintiff presents "some very good reason . . . to overcome the strong presumption that the record on review is limited to the record before the administrator." Denmark v. Liberty Life Assurance Co. of Bos., 566 F.3d 1, 10 (1st Cir. 2009). A good reason may exist if the plaintiff makes a colorable claim of bias. Id.

Plaintiff has not shown a good reason to permit any discovery, let alone the substantial inquiry that her motion contemplates. (See Docket # 30.) While this case presents a structural conflict in that defendant is both the claim adjudicator and the payer of benefits, that structural conflict, without more, is merely one of a myriad of relevant factors when reviewing the denial of benefits, id. at 9, and does not justify discovery. Defendant's affidavit explaining how the claim adjudicators, both initially and on appeal, are insulated from the structural conflict of interest (Docket # 31 Ex. A), also mitigates any concern about bias, see Denmark, 566 F.3d at 10. The affidavit states that eligibility for benefits is assessed without regard for the amount of potential

benefits, that defendant does not offer financial incentives to claim ajudicators to deny benefits, and that claim ajudicators are evaluated based on their responsiveness to claimants, timeliness, and quality of work product, and not the number of claims denied. Defendant has also offered to produce any contracts that exist between it and outside consultants or third-party vendors retained in connection with plaintiff's disability claim. (Def.'s Mem. of Law in Opp'n 11-12, Docket # 31.)

Plaintiff argues that two facts add the requisite color to her discovery request. (Pl.'s Mem. in Supp. 2-3, Docket # 29.) First, defendant required her to apply for SSDI, which she was eventually granted, but the insurer nonetheless denied benefits. This fact is irrelevant, because the SSDI benefit decision came after defendant issued a final ruling on her claim. Second, defendant's examining doctor initially found plaintiff to be disabled, but later altered his opinion to support the denial of benefits. This fact does not support any inference of bias because, as plaintiff acknowledges, the doctor changed his opinion after viewing video surveillance of plaintiff.

### III. Conclusion

Plaintiff's Motion Detailing Additional Material That Should Be Included Within the Record (Docket # 27) is ALLOWED as to the 847 pages of supplemental material and DENIED as to the requested order relating to the 1,500 additional pages already in the record. Plaintiff's Motion for Discovery (Docket # 28) is DENIED, with the understanding that defendant will produce the aforementioned outside consultant and third-party vendor contracts.

  February 1, 2011                                   /s/Rya W. Zobel
        DATE                                         RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE